SMITH, *et al.* vs. BALDWIN, *et al.*

APPEAL from the Court of Chancery. The bill was filed by the appellees against the appellants, and stated, that

Where new parties are added in a case in the court of chancery, after the testimony is taken, the cause shall be heard on bill and answer as to such new defendants—As where a new defendant in his answer admitted all the allegations in the bill, in relation to him, no testimony was wanted, and he could not in any manner be injured or affected by the evidence taken before he became a party, and the making him a defendant furnished no reason for taking the testimony over again as against the other defendants.

A sale made by a trustee appointed by will set aside on the ground of fraud

1818.

Smith
vs.
Baldwin

*Elijah Brown*, by his last will, dated the 25th of August 1809, devised his land for three years to *Obadiah Smith*, one of the defendants, and at the expiration of three years, the land to be sold by his executor, and the proceeds, after payment of debts and legacies, to be divided among his brothers and sisters named in the will. The executor was empowered to convey, and *Obadiah Smith* appointed executor. The testator died on the 23d of September 1809. *Ruth Currens*, one of the defendants, was a sister of the testator, and entitled to a share of the surplus, after paying debts and legacies. She was not a party to the original bill. By advertisement dated the 29th of August 1812, inserted in a newspaper in *Frederick-town*, the executor offered the land for public sale on the 23d of September, if not sold before at private sale. On the 12th of September 1812, *Smith* entered into articles with *Philip Miller*, another of the defendants, for the sale of the land at private sale, the first payment to be made, and possession given, and the land conveyed on 23d of September. When the three years expired *Smith* married the only daughter of *Philip Miller*, the vendee, and has continued to occupy a part or perhaps the whole of the land since the sale. The bill alleges that this sale was made by the executor in violation of his trust—that it was sold too soon—that the terms were in violation of the will—and that the land was sold to *Miller* by the executor, for the purpose of getting it conveyed to himself, or with an understanding that he was to remain in possession, and to inherit it in right of his wife. That others would have given more for it if a fair opportunity had been afforded them, and that *Smith* and *Miller* had combined to injure and defraud the complainants. The answers of *Smith* and *Miller* both state, that the sale was fair, and denied all combination. *Ruth Currens*, who was entitled to a share of the proceeds of the sale after the payment of debts and legacies, was not a complainant or defendant. A commission to take testimony issued on the 15th of June 1815, and was returned to February term 1816. Several of the complainants, after the sale, received their proportions of the proceeds. At July term 1816, the case was set down for hearing at the next term. On the hearing at December 1816, the Chancellor suggested that *Ruth Currens* ought to have been a party; and at December term 1816, leave was given, on petition of complainants, to amend the bill by making *Ruth Currens* a party defendant which was done; and process prayed accordingly, at February term 1817. At the same term her answer was put in by consent, admitting the sale and purchase, as stated in the bill. On the day following, the Chancellor passed his decree setting aside the sale, and appointing a new trustee to sell. From this decree the defendants, *Smith* and *Miller*, appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Taney*, for the Appellants, contended, 1. That the evidence did not support a charge of fraud in the sale. 2. That *Ruth Currens* was not made a party until after the testimony was taken; and as the testimony could not therefore be evidence against her, it could not be used against the other defendants for her benefit.

On the *second point* he cited *Mitf.* 16, 17. *Cooper's Plead.* 330. *Turner, et al. vs. Worthington, et al.* in this court at June term 1817; and the act of assembly 1785, *ch.* 72. *s.* 14.

*Pigman*, for the Appellees, cited 1 *Harr. Chan. Prac.* 61, 109, 110. *Hind's Prac.* 25, 378; and *Clayton, et al. vs. Anderson*, in the court of chancery, where the rule of practice respecting parties was, he said, established by the Chancellor.

BUCHANAN, J. delivered the opinion of the Court. The objection urged to the decree on the ground that all the evidence in the cause was taken before *Ruth Currens* was made a party, and that either another commission ought to have issued, and testimony been taken *de novo;* or that the cause should have been heard on bill and answer as to all the defendants, without reference to the testimony. is unsupported either on principle or authority. *Ruth Currens*, in her answer, admits all the allegations in the bill; in relation to her, therefore, no testimony was wanted, and she could not in any manner be injured or affected by the evidence taken before she became a party; and the making her a defendant furnished no reason for taking the testimony over again, as against *Smith* and *Miller.* The rule is, that where new parties are added, after the testimony is taken, the cause shall be heard on bill and answer as to such new defendants.

The Court thinks the decree of the Chancellor is right on the merits.

DECREE AFFIRMED.